**Abdus–Shahid M.S. ALI, Appellant,**

v.

**Marion BARRY, Jr., et al., Appellees.**

No. 87–954.

District of Columbia Court of Appeals.

Submitted Nov. 2, 1988.

Decided Dec. 7, 1988.

Abdus–Shahid M.S. Ali, pro se.

Frederick D. Cooke, Jr., Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Charlotte M. Brookins, Asst. Corp. Counsel, Washington, D.C., were on the brief for appellees.

Before NEWMAN, STEADMAN and SCHWELB, Associate Judges.

PER CURIAM:

The appellant, a prisoner serving time for a felony, alleged in his *pro se* complaint against officials of the District of Columbia (hereinafter collectively the District) that, following a disturbance at Occoquan, property belonging to him was stolen or destroyed. He claimed, among other things, that as a reprisal against the inmates, prison officials "let correctional officers go into our property and take what they wanted" and that inmates from other facilities, who were called in to clean up the area, were permitted to help themselves to the Occoquan inmates' property and throw away the remainder as trash. He asserted that the officials acted willfully, to obtain "vengeance" on behalf of the correctional staff at Occoquan.

The District filed motions to dismiss the complaint with prejudice and for summary judgment. The motions judge denied summary judgment on the ground that there was a material issue of fact as to whether defendants' actions were reasonable under the circumstances. The judge granted the motion to dismiss with prejudice, however, but gave no reason for doing so.

The District asks us to affirm the dismissal, arguing among other things, that the plaintiff's allegations of negligence are insufficient. It claims that correctional officers' actions during a prison uprising are not actionable unless done "maliciously and sadistically for the very purpose of causing harm," quoting from *Whitley v. Albers*, 475 U.S. 312, 320–21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986). Even assuming, *arguendo*, that this is true,[1] the District ignores the allegations of vengeful reprisal in the complaint.[2] These allegations are, of course, deemed admitted for purposes of a motion to dismiss, and the District has failed to show beyond doubt that the appellant can prove no set of facts in support of his claim which would entitle him to relief.

---

1. *But see Haith v. District of Columbia,* 526 A.2d 17, 19 (D.C.1987) (penal authorities liable for negligent failure to protect and safeguard prisoners in their custody).

2. The statement in the District's brief that the complaint "only asserts that the District's negligence caused the loss of [plaintiff's] property" is simply untrue.

 

See *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Owens v. Tiber Island Condominium Ass'n,* 373 A.2d 890, 893 (D.C.1977).[3]

Accordingly, the judgment dismissing the action with prejudice is reversed and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

So ordered.

**3.** In *Hudson v. Palmer,* 468 U.S. 517, 536, 104 S.Ct. 3194, 3205, 82 L.Ed.2d 393 (1984), the Court, holding that the Fourth Amendment "has no applicability to a prison cell," stated that even if petitioner intentionally destroyed respondent's personal property during the challenged shakedown search, the destruction did not violate the Fourteenth Amendment since the Commonwealth of Virginia has provided an adequate postdeprivation remedy. *See also Whitley,* 475 U.S. at 320–22, 106 S.Ct. at 1084–86 (discussing claim under Eighth Amendment); *Daniels v. Williams,* 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986) (guarantee of due process applies to *"deliberate* decision of government officials to deprive a person of life, liberty or property") (emphasis in original). In the present case, we construe appellant's complaint broadly as seeking to state a claim under District law. *See Scott v. District of Columbia,* 493 A.2d 319, 322 (D.C.1985) (District liable for intentional torts of its employees acting within the scope of their employment). But even if District law did not provide for an adequate remedy, appellant could proceed on constitutional grounds. *See Hudson,* 468 U.S. at 530–36, 104 S.Ct. at 3202–05.